| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: 3/28/11 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 11:00 a.m. |

---------------------------------------------------------x
                                  :

In re                                                :            Chapter 11

NORTH GENERAL HOSPITAL, *et al.*,     :

                                              :            Case No.10-13553 (SCC)

Debtors.       :            (Jointly Administered)

--------------------------------------------------------- x

## NOTICE OF MOTION

       PLEASE TAKE NOTICE that upon the annexed memorandum of law, Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in the United States Bankruptcy Court, 1 Bowling Green, New York, New York, on **March 28, 2011, at 11:00 a.m.**, or as soon thereafter as counsel may be heard, for an order pursuant to 11 U.S.C. § 329(b) and Rule 2017(a) of the Federal Rules of Bankruptcy Procedure: (a) seeking disgorgement of estate funds paid to Windels Marx Lane & Mittendorf, LLP; and (b) granting such other and further relief as this Court may deem just and proper. The original motion is on file with the Clerk of the Bankruptcy Court.

       PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 33 Whitehall Street, 21st Floor, New York, New York 10004-2112, to the attention of Susan D. Golden, Esq., no later than three (3) days prior to the return date set forth above. Such papers shall conform to the

1

Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
March 14, 2011

                                              TRACY HOPE DAVIS
                                              UNITED STATES TRUSTEE

By:    /s/  *Susan D. Golden*
       Susan D. Golden
       Trial Attorney
       33 Whitehall Street
       21st Floor
       New York, New York 10004-2112
       Tel. No. (212) 510-0500

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
In re                                         :          Chapter 11
                                              :
NORTH GENERAL HOSPITAL, et al.,               :
                                              :          Case No.10-13553 (SCC)
                                              :
                              Debtors.        :          (Jointly Administered)
------------------------------------------------------------ x
```

**MEMORANDUM OF LAW IN SUPPORT
OF THE UNITED STATES TRUSTEE'S MOTION
SEEKING DISGORGEMENT OF ESTATE FUNDS
PAID TO WINDELS MARX LANE & MITTENDORF, LLP**

**TO:  THE HONORABLE SHELLEY C. CHAPMAN,
      UNITED STATES BANKRUPTCY JUDGE:**

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), respectfully moves this Court for an order pursuant to 11 U.S.C. § 329(b) and Rule 2017(a) of the Federal Rules of Bankruptcy Procedure seeking disgorgement of estate funds paid to Windels Marx Lane & Mittendorf, LLP ("Windels").  In support of her motion, the United States Trustee represents and alleges as follows:

**INTRODUCTION**

In accordance with section 329 of the Bankruptcy Code, the United States Trustee is seeking an order from the Court finding (i) that the compensation paid to Windels was in excess of the value of the service received by the Debtors and (ii) directing Windels to return the excessive payment to the estates.  Following allegations that the Debtors had made post-petition payments for pre-petition expenses, the Court directed the appointment of an examiner to investigate these allegations.  The report filed by the Examiner indicates that not only had post-petition payments for pre-petition expenses been made without Court order, but that these payments were made

1

because counsel to the Debtors had neglected to advise its clients about what payments could and could not be paid. Because of the failure to advise their clients, approximately three million dollars was distributed from the estates. While the estates will no doubt try to recover some of these funds, clearly, the estates will never be made whole. Accordingly, because the value of the services provided by Windels exceeds the reasonable value of the services rendered, the Court should order the return of the excessive compensation.

## BACKGROUND

1. On July 2, 2010, North General Hospital, North General Service Corporation and North General Diagnostic and Treatment Center (collectively, the "Debtors") filed petitions for relief under Chapter 11 the Bankruptcy Code. By order dated July 7, 2010, the Debtors' cases are being administered jointly. (ECF No. 20).

2. The Debtors currently are operating their business and managing their affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. By order entered August 3, 2010, Windels was retained as the Debtors' bankruptcy counsel. (ECF No. 106).

4. On August 3, 2010, the Court entered its order establishing procedures for monthly compensation and reimbursement of expenses (the "Monthly Compensation Order") (ECF No. 104). In relevant part, the Monthly Compensation Order provides for partial interim monthly payments to all duly-authorized professionals in this case. In particular, unless a notice of objection is served upon relevant parties, the Monthly Compensation Order provides that the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each applicable professional's monthly statement. Id. Upon information and belief, throughout these cases, Windels has been paid 80% of its fees and 100% of its expenses pursuant to the Monthly

Compensation Order.

5. On November 24, 2010, Windels filed its First Application for Interim Compensation seeking $1,867,422.50 in fees and $42,232.48 in reimbursement of out-of-pocket expenses. (ECF No. 349). The United States Trustee filed an Objection to the fee application (ECF No. 381). After a hearing, by order entered December 23, 2010, the Court imposed a 10% holdback and awarded Windels interim fees in the amount of $1,349,649.00 and reimbursement of expenses in the amount of $29,460.61. (ECF No. 406).

6. Through January 31, 2011, Windels has been paid $1,628,548.29. See Debtor's Monthly Operating Report for January 2011. (ECF No. 539). This amount includes the interim fee award as well as fees received from November 2010 through January 2011 pursuant to the Monthly Compensation Order.

7. On December 15, 2010, the Debtors filed a Second Amended Disclosure Statement in support of a Chapter 11 Plan of Liquidation. (ECF No. 387). A combined hearing on the adequacy of the Second Amended Disclosure Statement and confirmation of the Plan of Liquidation scheduled for March 21, 2011. (ECF No. 532).

8. On January 4, 2010, the United States Trustee file a Motion to Appoint an Examiner (the "Examiner Motion") on the grounds that the Debtors appeared to have made unauthorized post-petition payments on account of pre-petition liabilities to insiders, employees, creditors and professionals in an amount exceeding $1.5 million. (ECF No. 419)

9. After a hearing, by order entered January 6, 2011, the Court granted the Examiner Motion and ordered that an Examiner be appointed to conduct an investigation of: (a) the amounts, extent of, and rationale for the Debtors' post-petition payments on account of pre-petition obligations (the "Post-Petition Payments"); (b) whether the Post-Petition Payments were

authorized pursuant to the Bankruptcy Code or any order entered in these cases; (c) the role, including, without limitation, the level of knowledge of (i) individual professionals of the Debtors, (ii) members of the Debtors' current and former senior management, and (iii) members of the Debtors' Board of Directors, with respect to the Post-Petition Payments; (d) whether the Debtors' estates have any claims against any person or entity relating to the Post-Petition Payments; (e) the extent to which the Post-Petition Payments may be recoverable by the Debtors' estates; and (f) other violations, if any, by the Debtors, the Debtors' management, the Debtors' Board of Directors, or the Debtors' professionals of their fiduciary duties in these cases. (ECF No. 427).

10. On January 10, 2011, the United States Trustee appointed Richard Stern as Examiner (ECF No. 430) and by order entered January 10, 2011, the Court approved the appointment. (ECF No. 432).

11. On January 31, 2011, the Examiner issued his report (the "Examiner's Report") (ECF No. 488). The Examiner found that although some of the money was repaid, the Debtors made unauthorized payments in excess of (i) $3 million to their employees on account of pre-petition claims, including pre-petition vacation pay and expense reimbursements and (ii) $75,000 to their critical vendors "without appropriate guidance and advice from Windels Marx" and that despite their statements to the contrary, "Windels Marx likely knew or should have known that the Debtors were making unauthorized payments on account of pre-petition debt." See Examiner's Report at 12 - 15, 21 -23.

12. The Examiner also found that although Windels showed drafts of pleadings and orders to the Debtors' Chief Financial Officer (the "CFO"), Windels failed to advise the CFO that certain categories of items that were included in the drafts of the various motions had been deleted from the motions as filed. The Examiner further found that despite their statements to the

4

contrary, "Windels Marx likely knew or should have known that the Debtors were making unauthorized payments on account of pre-petition debt,. Id. at 19, 27.

13. The Examiner observed that it was incumbent on Debtor's counsel to make sure that management understood its responsibilities under the Bankruptcy Code, but that Windels Marx not only failed to fulfill this obligation, but it failed to carry out its charge of advising the Debtors as to their duties as debtors-in-possession. Since it did not do so, the Examiner concluded that Windels "should be held responsible for its failure and its role in connection with the Debtors' unauthorized payments." Id. at 23, 27. The Examiner noted that "[c]onsidering the lack of effectiveness of the Debtors' bankruptcy counsel, it would be appropriate to adjust counsel's compensation through a disallowance of fees and/or a requirement that counsel disgorge fees already paid" and recommended that the Court "require Windels Marx to disgorge some portion of the payments it has received and/or disallow further payments to Windels Marx for services rendered to date." Id. at 27, 30.

## ARGUMENT

**Legal Standards**

Section 329 of the Bankruptcy Code gives the Court the power to review the compensation paid to a debtor's attorney if such payment was paid or agreement to be paid, was made after one year before the date of the filing of the petition, and to determine if the fee paid was, or is, reasonable or excessive. Section 329 provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

5

(b)    If such compensation [of bankruptcy counsel] exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--

    (1)    the estate if the property transferred--

        (A)    would have been property of the estate; or

        (B)    was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

    (2)    the entity that made such payment.

11 U.S.C. § 329.

Rule 2017 of the Federal Rules of Bankruptcy Procedure provides:

(a) Payment or Transfer to Attorney Before Order for Relief.  On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

(b) Payment or Transfer to Attorney After Order for Relief.  On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefore, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

Fed. R. Bankr. P. 2017.

It is axiomatic that attorneys are officers of the court and, as professionals, are held to a high standard in the discharge of their duties.  In re Futuronics Corp., 5 B.R. 489, 490-91 (S.D.N.Y. 1980), aff'd, 655 F.2d 463 (2d Cir. 1981), cert. denied, 455 U.S. 941 (1982).  See also In re Rivera, 6 B.R. 686, 689 (Bankr. S.D.N.Y. 1980) ("It is axiomatic that an attorney owes a sacred duty to his client and to the court to perform his legal services with integrity and earnest

6

consideration."). One of the important purposes of 11 U.S.C. § 329 is to ensure that attorneys provide competent representation to debtors. In re Dean, 401 B.R. 917, 923 (Bankr. D. Idaho 2008). If a bankruptcy court finds that an attorney fails to competently perform his or her duties, an order requiring the attorney to disgorge fees pursuant to 11 U.S.C. § 329(b) is proper. Id. (citing In re Wilson 11 B.R. 986, 991 (Bankr. S.D.N.Y. 1981) (attorney's representation of the debtor was neither competently performed or zealously provided and all fees paid to the attorney should be disgorged)); see also In re Alessandro, No. 10-12511 (AJG), 2010 WL 3522255, at *5 (Bankr. S.D.N.Y. Sept. 7, 2010) (requiring disgorgement where attorney failed to conduct reasonable investigation of case after filing petition and failed to seek relief from court after learning he was misled by debtor concerning facts of case); In re Parklex Assocs., Inc., No. 09-12996 (MG), 435 B.R. 195, 207-08 (Bankr. S.D.N.Y. 2010) (disgorgement may be proper even though failure to comply with Bankruptcy Code and Rules resulted from negligence or inadvertence).

The debtor's attorney has the burden of proving that the legal services provided were of reasonably equivalent value to the fees paid. In re Ohpark, No. 10-10194, 2010 WL 1930187, at *2 (Bankr. E.D. Va. May 12, 2010); Dean, 401 B.R. at 922. In determining whether the fee is reasonable, "the Court should consider the same criteria set forth for determining the proper amount of compensation for estate professionals under § 330" of the Bankruptcy Code. Dean, 401 B.R. at 922.

**Windels Should Disgorge Some or All of its Fees**

The Examiner investigated the Debtors' post-petition payments of millions of dollars on account of pre-petition claims.[1] In brief, the Examiner found that the Debtors' management made improper post-petition payments "without appropriate guidance and advice from Windels." See Examiner's Report at 21. According to the Examiner: "It was incumbent on the Debtors' counsel to make sure that the Debtors' management understood its responsibilities under the Bankruptcy Code. Windels Marx failed to fulfill that obligation. Moreover, despite their statements to the contrary, Windels Marx likely knew or should have known that the Debtors were making unauthorized payments on account of pre-petition debt." Id. at 23. The Examiner recommended that the Court require Windels "to disgorge some portion of the payments it has received and/or disallow further payments to Windels Marx" id. at 27 (footnote omitted)), reasoning:

> In its own words, Windels Marx was charged with, among other things, "advising the Debtors regarding their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties" and "taking necessary action to protect and preserve the Debtors' estate" .... Windels Marx failed to carry out its charge and since it did not do so, it should be held responsible for its failure and its role in connection with the Debtors' unauthorized payments.

Id. at 26-27 (quoting Windels Retention Application, (ECF No. 43)).

Windels should disgorge its fees in these cases either in full or to the extent the Court deems appropriate. Not only were millions of dollars improperly distributed from the estates without Court order, but once these irregularities were discovered, additional estate funds were expended in order to investigate the situation. None of these expenditures would have been necessary, but for the fact that Debtors' counsel failed to properly advise its client with respect to

---

[1] Familiarity with the Examiner's Report is presumed.

its fiduciary duties as a debtor-in-possession. As the Examiner noted, while some of the money was, or will be paid back, large sums may never be recovered by the estates. For this reason, it is appropriate under section 329 of the Bankruptcy Code for Windels to disgorge all fees received.

Should the Court direct Windels to disgorge fees, unless the Debtors demonstrate otherwise, it appears that the monies used to pay Windels would have been property of the estates and, therefore, the disgorged fees should be paid back to the estates in accordance with 11 U.S.C. 329(b)(1)(A).

WHEREFORE, the United States Trustee requests that the Court enter an order requiring Windels to disgorge its fees in an appropriate amount and grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 14, 2011

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ *Susan D. Golden*
Susan D. Golden
Trial Attorney
33 Whitehall Street
21st Floor
New York, New York 10004-2112
Tel. No. (212) 510-0500