**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
Charles E. Simpson (csimpson@windelsmarx.com)

*Attorneys for North General Hospital, et al.,
    Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                                   :
                                                                             :     Chapter 11 Case
NORTH GENERAL HOSPITAL, *et al.*,           :     No. 10-13553 (SCC)
                                                                             :
                                     Debtors.                   :     **Jointly Administered**
-------------------------------------------------------------x

## RESPONSE OF WINDELS MARX LANE & MITTENDORF LLP TO THE UNITED STATES TRUSTEE'S MOTION SEEKING DISGORGEMENT OF ESTATE FUNDS PAID TO WINDELS MARX LANE & MITTENDORF, LLP

**TO:  HONORABLE SHELLY C. CHAPMAN,
            UNITED STATES BANKRUPTCY JUDGE**

Windels Marx Lane & Mittendorf, LLP ("**Windels Marx**" or "**Debtors' Counsel**") respectfully submits the following response (the "**Response**") to the Motion of the United States Trustee ("**U.S. Trustee**") Seeking Disgorgement ("**Motion to Disgorge**") of Estate Funds Paid to Windels Marx in the above-captioned chapter 11 cases ("**Chapter 11 cases**").

### PRELIMENARY STATEMENT

The U.S. Trustee's Motion to Disgorge is based entirely on the factual inaccuracies, misstatements, incorrect assumptions and unsubstantiated conclusions contained in the report filed by Richard Stern, Esq., as the "Examiner", and Hughes Hubbard & Reid, LLP ("**Hughes Hubbard**"), as counsel to the Examiner, on January 31, 2011 (the "**Examiner's Report**"). (Docket No. 488)

{10630020:2}

On March 22, 2011, Windels Marx filed its Response to the Examiner's Report wherein the Firm provided substantial documentary evidence and sworn testimony, which together support the Firm's contentions that contrary to the Examiner's conclusions:

(i) Windels Marx did advise Mr. Maher as to which payments he was authorized to pay;

(ii) Mr. Maher was informed of changes made to the Wages Motion (as defined herein), which changes excluded the payment of vacation benefits from the list of benefits the Debtors' were seeking authority to pay;

(iii) Mr. Maher was aware that Debtors' Counsel did not file a Critical Vendor Motion (as defined herein) or an Insurance Motion (as defined herein);

(iv) Mr. Maher represented to North General's management, the Board of Trustees and Debtors' Counsel that he had extensive experience in hospital bankruptcies and insolvencies; and

(v) Windels Marx did not know nor could it have known that Mr. Maher was making unauthorized payments.

In this regard, Windels Marx incorporates herein by reference the Firm's Response to the Examiner's Report filed with this Court on March 22, 2010 (Docket No.645). A copy of Windels Marx's Response to the Examiner's Report is annexed hereto as Exhibit "A".

## CONCLUSION

In light of the Windels Marx' Response to the Examiner's Report, which evidences the fact that the Examiner's Report is devoid of probative value and recognizing that the U.S. Trustee's Motion to Disgorge is based entirely on the Examiner's Report, the Firm submits that: (i) the U.S. Trustee's Motion to Disgorge be dismissed in its entirety; (ii) the Firm be compensated in full for time spent and expenses incurred in responding to the allegations contained in the Examiner's Report, which allegations are the only basis for the U.S. Trustee's

Motion to Disgorge; and that (iii) the Court grant such other and further relief as is just and proper.

Dated: New York, New York
March 23, 2011

Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**

**By:** */s/ Charles E. Simpson*

**Charles E. Simpson, Esq. (csimpson@windelsmarx.com)**
**A Member of the Firm**

156 West 56th Street
New York, New York 10019
(212) 237-1000

*Attorneys for North General Hospital, et al.,*
*Debtors-in-Possession*